# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 98 C 358 | DATE | 6/21/2000 |
| CASE TITLE | BEM I, L.L.C. vs. Anthropologie, Inc. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 7/7/2000 at 9:00 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. BEM's motion for reconsideration (Doc. No. 70-1) is denied.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 5 number of notices | Document Number |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | 6-22-00 date docketed | |
| | Notified counsel by telephone. | | 77 |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | 6/21/2000 | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| ETV | courtroom deputy's initials | | |
| | | Date/time received in central Clerk's Office | ETV mailing deputy initials |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BEM I, L.L.C., an Illinois limited liability corporation, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 98 C 0358<br>) |
| ANTHROPOLOGIE, INC., a Pennsylvania corporation, | ) Judge<br>) Rebecca R. Pallmeyer<br>) |
| Defendant. | )<br>) |
| ANTHROPOLOGIE, INC., | )<br>) |
| Third-Party Plaintiff, | )<br>) |
| v. | )<br>) |
| BEM I, L.L.C., HAROLD EISENBERG, MAX PLZAK and NAGLE HARTRAY DANKER KAGAN McKAY ARCHITECTS PLANNERS, INC., | )<br>)<br>)<br>)<br>) |
| Third-Party Defendants. | ) |



## MEMORANDUM OPINION AND ORDER

Plaintiff, BEM I, L.L.C. ("BEM") filed this forcible entry and detainer action against Defendant Anthropologie, Inc. ("Anthropologie") in the Circuit Court of Lake County, Illinois on December 29, 1997. In its initial complaint, BEM sought possession of space leased to Anthropologie, and $48,197.23 in back rent due from September 18, 1997 through November 30, 1997. On January 19, 1998, BEM filed a motion to amend its complaint to increase the *ad damnum* to $87,811.39, reflecting amounts of rent allegedly owed by

Anthropologie for the months of December 1997 and January 1998. During a proceeding in state court, Anthropologie announced its intention to remove the action to federal court under the court's diversity jurisdiction. BEM promptly withdrew its motion to amend, and instead moved orally for an award of use and occupancy in addition to its claims for possession and past due rent.

Anthropologie nevertheless proceeded to remove the case to this court on January 22, 1998. Some 21 months later, on October 7, 1999, BEM moved for remand arguing that because an action for forcible entry and detainer is limited in its scope, the amount in controversy should not be determined with reference to future rents or to tenant improvements. On December 14, 1999, this court denied BEM's motion to remand, determining that it had subject matter jurisdiction over the action because the amount in controversy at the time of removal exceeded $75,000. *See BEM I, L.L.C. v. Anthropologie, Inc.*, No. 98 C 0358, 1999 WL 1212643, at *1 (N.D. Ill. Dec. 14, 1999). In so concluding, the court reasoned that the value of possession of the leased premises, at a minimum, reflected the amount of back rent due at the time of removal, including the months of December 1997 and January 1998. *Id.* at *6. BEM now moves this court to reconsider its order denying the motion to remand, arguing that the court miscalculated the back rent due at the time of removal, and also asserting that the court improperly relied on BEM's withdrawn motion to amend its forcible entry complaint in state court.

BEM asserts that the court miscalculated the back rent due at the time of removal by including rent for the month of January 1998. According to BEM, the lease terminated on

December 26, 1997 pursuant to a notice of default. Any monies owed to BEM subsequent to the termination of the lease constitute damages, BEM urges, rather than rent, and are not recoverable in a forcible entry and detainer action.

The court disagrees with BEM's characterization of the January rent as damages. Under the Illinois Forcible Entry and Detainer Statute, a property owner "may sue for and recover rent therefor, or a fair and reasonable satisfaction for the use and occupation thereof . . .[w]hen lands are held and occupied by any person without any special agreement for rent." See 735 ILCS 5/9-201(2). Following the termination of a written lease, a former tenant who continues to occupy the space without any special agreement for rent is liable for "use and occupancy." See People ex rel. Dept. of Transp. v. Cook Devel. Co., 274 Ill. App. 3d 175, 180, 653 N.E.2d 843, 847 (1st Dist. 1995). Accordingly, BEM's oral motion to add a claim for use and occupancy on January 21 put Anthropologie on notice of facts supporting removal. In the language of the removal statute, the January 21, 1998 Circuit Court Order entering and continuing BEM's oral motion constituted "a motion, order or other paper" sufficient to support the removability of the action. See 28 U.S.C. § 1446(b); see also Yarnevic v. Brink's Inc., 102 F.3d 753, 755 (4th Cir. 1996) ("motion, order or other paper requirement is broad enough to include any information received by the defendant, whether communicated in a formal or informal manner."); Hessler v. Armstrong World Indus., Inc., 684 F. Supp. 393, 394 (D. Del. 1988) (oral statements in court and correspondence among defense counsel provided defendant with adequate notice that the action had become removable).

The court recognizes that in the context of motions to amend, some courts have held

3

that an otherwise unremovable case does not become removable by the mere filing of the motion; instead these courts hold that the motion must actually be granted, *see, e.g., Douklias v. Teacher's Ins. & Annuity Ass'n*, 35 F. Supp. 2d 612, 614 (W.D. Tenn. 1999), or that the amended pleading must actually be served, *see, e.g., Miller v. Stauffer Chem. Co.*, 527 F. Supp. 775, 777 (D. Kan. 1981). Under this rationale, because the oral motion was not granted before Anthropologie removed, BEM argues that it was not entitled to recover more than the $48,197.23 *ad damnum* amount in the complaint, less than the $75,000 jurisdictional floor, and therefore the case did not become removable upon its making of the oral motion. This assertion is also unavailing. First, under Illinois law, a specific prayer for relief recited in a complaint does not limit the relief obtainable. *See* 735 ILCS 5/2-604. Second, a claim for rent under the Illinois Forcible Entry and Detainer Statute includes claims for use and occupancy. *See* 735 ILCS 5/9-201(2). In seeking to recover rent, BEM could have presented the state court with evidence showing that it was entitled to more than the amount it recited in its prayer for relief, even without amending its complaint to specifically include a claim for use and occupancy. Although the mere fact that BEM could have tried to obtain a larger recovery does not make a case removable, *see Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 374 (7th Cir. 1993), here BEM's oral motion to recover use and occupancy for December 1997 and January 1998 gave notice to Anthropologie that BEM indeed sought to recover more than its *ad damnum* request. Under its claim for rent in the forcible entry and detainer action, those amounts were recoverable; that the oral motion was never granted is therefore irrelevant.

4

BEM argues further that, in any event, the amount allegedly owed for use an occupancy for December 1997 and January 1998 is not in controversy because on January 27, 1998, Anthropologie sent BEM a check in the amount of $48,857.49 for use and occupancy for those months. BEM argues that because Anthropologie paid this amount voluntarily, it was never "in controversy." In making this argument, however, BEM fails to acknowledge that jurisdiction is determined from facts that existed at the moment of removal. *See Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993). Therefore, the court is precluded from considering Anthropologie's payment five days after the action was removed.

Finally, the court notes that it did not improperly rely on BEM's withdrawn motion to amend the Forcible Complaint to increase the *ad damnum* amount. Independent of that motion, the court determined that at the time of removal, Anthropologie allegedly owed BEM $87,811.39 in back rent (including use and occupancy after termination of the lease). *See BEM*, 1999 WL 1212643, at *6. The court merely noted that the withdrawn motion seeking to increase its claim for damages in the amount of $87,811.39 bolstered the conclusion that the claim was worth more than $75,000. *See id.*

Accordingly, BEM's motion for reconsideration (Doc. 70-1) is denied.

ENTER:

Dated: June 21, 2000

REBECCA R. PALLMEYER
United States District Judge