# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | | DATE | 12/11/2001 |
|---|---|---|---|---|---|
| CASE NUMBER | 98 C 358 | | | | |
| CASE TITLE | BEM I, L.L.C. vs. Anthropologie, Inc. | | | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. BEM's motion for instructi (Doc. No. 129-1) is granted and Anthropologie will be entitled to recover additional fees only litigation of issues in this court on which Anthropologie prevailed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | number of notices | 5 |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | date docketed | DEC 12 2001 |
| | Notified counsel by telephone. | docketing deputy initials | cm |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | date mailed notice | 12/11/2001 |
| | Copy to judge/magistrate judge. | | |
| ETV | courtroom deputy's initials | 01 DEC 11 PM 5: 35 Date/time received in central Clerk's Office | ETV mailing deputy initials |



DOCKETED
DEC 12 2001

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BEM I, L.L.C., an Illinois limited liability company, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 98 C 358 |
| ANTHROPOLOGIE, INC., a Pennsylvania corporation, ) ) ) | Judge Rebecca R. Pallmeyer |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Several of this court's rulings in this commercial lease dispute are already before the Court of Appeals. The parties return here once more, however, seeking resolution of a dispute concerning attorneys' fees. Anthropologie, Inc. ("Anthropologie") and BEM I, L.L.C. ("BEM") locked horns initially on the amounts that Anthropologie, a Highland Park retailer, owed its landlord BEM, under a written lease. The court ordered arbitration, resulting in an award of damages to Anthropologie and a supplemental award for a portion, but not all, of Anthropologie's attorneys' fees, costs and expenses. This court confirmed both awards, but modified the supplemental award by decreasing the amount of fees due to Anthropologie. Anthropologie now claims that under the terms of the lease, it is entitled to recover all the fees it incurred in this litigation, including those discounted by the arbitration panel. BEM challenges this claim. The parties have been unable to resolve their differences pursuant to Local Rule 54.3, and BEM has moved for instructions from this court as to the scope of attorneys' fees that are to be awarded. The court grants that motion, as set forth below.

133

## BACKGROUND

The background of this case is discussed at length in this court's December 15, 2000 memorandum opinion and order, see *BEM I, L.L.C. v. Anthropologie*, No. 98 C 358, 2000 WL 1849574 at *1-5 (N.D. Ill. Dec. 15, 2000), and the court will here review the factual record only to the extent necessary to understand the current dispute. BEM filed this lawsuit in state court, and Anthropologie removed it to this court in January 1998. On May 11, 1998, Judge Gottschall determined, over Anthropologie's objection, that most of the disputes between Anthropologie and BEM were subject to arbitration. *See id.* at *4. Anthropologie filed a motion for reconsideration, but Judge Gottschall denied it on May 27, 1998. *Id.*

On October 13, 2000, the arbitration panel (the "Panel") awarded Anthropologie $234,731.30 in damages to compensate Anthropologie for construction delays and costs of modifications necessary before Anthropologie could open the leased property for business. *Id.* at *5. On December 1, 2000, the Panel awarded Anthropologie a supplemental award of $296,695 for its attorneys' fees, costs and expenses, plus interest. *Id.* Anthropologie filed a motion to confirm the award and BEM simultaneously filed a motion to confirm in part and vacate in part. This court granted Anthropologie's motion and denied BEM's motion, confirming most of the Panel's determinations. With respect to the rate of prejudgment interest to be applied to the award, the court invited the parties to submit additional briefs. *Id.* at *10.

Following receipt of those submissions, the court confirmed the panel's

2

prejudgment interest award in its February 27, 2001 Memorandum Opinion and Order. *See BEM I, L.L.C. v. Anthropologie, Inc.*, No. 98 C 358, 2001 WL 197057 at *1 (N.D. Ill. Feb. 27, 2001). In this opinion, the court also modified the supplemental award of attorneys' fees, costs and expenses. *Id.* at *3-5.[1]

This court found that while the Panel did not err in assessing the total amount of fees, costs and expenses, the Panel used the wrong fraction in discounting the total amount of fees. *Id.* at *4. In the court's view, the Panel's use of an alternative calculation method proposed by Anthropologie, in contravention of the contract, constituted an abuse of power, subject to vacatur under 9 U.S.C. § 10(a)(4), because it disregarded the explicit terms of the contract and instead implemented the Panel's own sense of equity. *Id.* at *5; *see also Hill v. Norfolk & Western Railway Co.*, 814 F.2d 1192, 1195 (7th Cir. 1987). Accordingly, the court modified the fraction by which the total amount of costs and expenses would be reimbursed. The court found that the correction fraction should have been 26.1% instead of 35.9%. *BEM I, L.L.C.*, 2001 WL 197057 at *5. This finding reduced the supplemental award owed to Anthropologie from $296,695 to $215,103.67. *Id.*

---

[1] Section 23 of the Lease established a two-step calculation for determining costs and expenses, including attorneys' fees. The first step entailed assessing the total amount of fees, costs and expenses. In the second step, that total is reduced by a fraction described in Section 23 of the Lease. Specifically, Section 23 states, "the allocation of responsibility for all reasonable costs and expenses . . . shall be equitably prorated based upon a fraction, the numerator of which shall be the total amount of the arbitrator's award to Tenant and the denominator of which shall be the total amount of the Tenant's claims which were the subject of the arbitration."

Anthropologie now seeks to recover all of the attorneys' fees it expended in connection with the dispute, a total of $906,859.07. (Anthropologie's Memorandum in Opposition to BEM's Motion ("Anthropologie's Mem."), Ex. E.) After Anthropologie advised BEM that it would seek this amount as a result of the "final judgment" ordered by this court, BEM filed the pending motion for instructions. (BEM's Motion for Instructions ("BEM's Motion"), Ex. 1.)

Anthropologie alleges that it is entitled to recover all fees, costs and expenses under Section 39 of the lease because it is the prevailing party in this matter. Section 39 reads:

> In the event either Landlord or Tenant shall institute any action or proceedings against the other relating to any of the terms, covenants, conditions or provisions of this Lease, or any default or Event of Default herein, the unsuccessful party in such action or proceedings shall reimburse the successful party for reasonable attorney's fees and other costs and expenses incurred therein by the successful party, including fees, costs and expenses incurred in any appellate proceedings. The provision of this Section 39 shall not apply, however, to such fees and expenses relating to any arbitration brought pursuant to the provisions of Section 23 hereof, which Section 23 specifically provides for the manner and amount of reimbursement of such fees and expenses.

(*Id.* § 39.) Anthropologie contends that the Section 23 carve-out to Section 39, which makes Section 39 inapplicable to arbitration fees covered under Section 23, is not pertinent here because the parties' agreement did not anticipate a situation in which they would be doing battle simultaneously in federal court and in arbitration. (*Id.*) Anthropologie further charges that BEM has refused to follow the requirements of Local Rule 54.3, namely the obligation that each party identify all expenses related to the representation and meet with the adverse party to reach some accord. (*Id.* at 14.)

4

In an acrimonious exchange of letters, copies of which were submitted as exhibits to the parties' filings, BEM and Anthropologie have each disputed the accuracy of the other's estimate of their total costs and complained that the other has unreasonably driven up the costs of this litigation. (BEM's Motion, Ex. 2, Letter of April 24, 2001; Anthropologie's Mem., Exs. D, E, & F., Letters of April 26 & 27, 2001.) As explained below, the court grants BEM's motion for instructions regarding the scope of attorneys' fees that can be sought by Anthropologie and orders the parties to comply with the procedure contemplated in Local Rule 54.3.

## DISCUSSION

The court's analysis begins with the terms of the parties' agreement. A contract must be interpreted to give effect to all of its provisions. *See Bank of America Nat. Trust and Sav. Ass's v. Schulson*, 305 Ill. App. 3d 941, 714 N.E.2d 20, 24 (1st Dist. 1999). Established principles of contractual interpretation require the court to give effect, where possible, to all relevant provisions in a lease agreement. *See Kimball Hall Management Co. v. Roper*, 314 Ill. App. 3d 975, 733 N.E.2d 458, 463 (2d Dist. 2000). Furthermore, it is not the court's place to alter the meaning of the contract in order to reach a more equitable result; rather the court is charged with enforcing the plain meaning of the contract. *See Home Ins. Co. v. Chicago & Northwestern Transp. Co.*, 56 F.3d 763, 769 (7th Cir. 1995); *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264 (7th Cir. 1996).

At issue in this case are two provisions concerning the award of attorneys' fees.

Under the "American Rule," each party bears its own fees unless there is some statutory authority for fee shifting or the parties have contractually agreed to a fee shifting arrangement. *See Menke v. Monchecourt*, 17 F.3d 1007, 1009 (7th Cir. 1994). Illinois also follows this rule. *See Morris B. Chapman & Assoc., Ltd. v. Kitzman*, 193 Ill. 2d 560, 739 N.E.2d 1263, 1271 (2000). In Illinois, provisions for attorneys' fees are to be construed strictly. *See Harter v. Iowa Grain Co.*, 220 F.3d 544, 559 (7th Cir. 2000). The contract here contains two relevant fee-shifting provisions. Section 23 sets forth a calculation method for an award of fees and expenses relating to arbitration; the court addressed that provision at length in the February 27, 2001 decision. In addition to Section 23, Section 39 provides that in the event either party institutes an action or proceeding, the unsuccessful party must reimburse the successful party for reasonable attorneys' fees. Section 39 also explicitly states, however, that the provisions of Section 39 will not apply "to fees and expenses *relating to* any arbitration" brought pursuant to Section 23.

Giving effect to both of these provisions, the court concludes that Anthropologie is not entitled to recover the full amount of fees it seeks here. Nor is BEM correct in its insistence that the Panel's award of attorneys' fees, modified by this court, represents the only fees and expenses recoverable by Anthropologie. Section 39 does direct recovery of fees incurred in litigation, separate from those relating to the arbitration proceeding. Indeed, although Anthropologie urges that "neither Section 23 nor the carve-out in Section 39 cover the situation where the parties are litigating simultaneously in federal courts *and* in arbitration," the court reads those provisions

6

as addressing precisely such a situation, the one before this court.

The court has already modified the Panel's award of fees under Section 23 and will not revisit that determination. With respect to Section 39, the court is prepared to entertain Anthropologie's request for additional fees related to the court phase of this litigation only. The court cautions that such an award certainly will not permit recovery of all the fees devoted to this litigation. Anthropologie was not the prevailing party on all issues in this court. Most significantly, it was BEM, not Anthropologie, who asked the court to compel arbitration. Anthropologie resisted arbitration even though the lease explicitly provided for it. Anthropologie will, therefore, be entitled to no fees for any of the pre-arbitration phase of this case.

Second, after Anthropologie prevailed in arbitration by winning an award of damages and attorneys' fees, the Panel specifically limited the size of the award based on a formula in the contract. This court further reduced the amount of the award. Again, Anthropologie is entitled to no fees in connection with its challenge to the Panel's ruling on that issue, which accounted for a significant part of the briefing in this court.

The court recognizes that the directions set forth above provide only general guidance concerning the amounts of fees it is willing to award Anthropologie. The court is reluctant to furnish more specific instructions prior to compliance with Local Rules 54.3. Nevertheless, having reviewed the parties' correspondence, and entertaining a hope that the parties will be able to avoid significant further expense, the court offers the following additional observations based upon a March 20, 2001

7

letter in which Anthropologie's attorney itemized its $906,530.25 claim:

1. Anthropologie seeks $286,530.25 for fees and $11,280.35 in costs for what Anthropologie refers to as the "Litigation Phase," including a host of sub-categories. In this court's view, the bulk of these fees and costs ought not be shifted to BEM. Anthropologie will, however, be entitled to recover some of the amounts incurred in connection with subparagraph (s), which refers to "briefing on Anthropologie's Motion to Confirm the Arbitration Awards, and BEM's Motion to Vacate, in Part, and confirm, in Part Arbitration Award and Memorandum," but only those fees and costs devoted to briefing of issues on which Anthropologie prevailed.

2. Anthropologie claims a right to $142,315.88 for fees related to "substantial factual discovery," $70,112.62 for expert discovery, $143,708.52 for legal research, $$71,384.07 for "presentation of Anthropologie's case against BEM," $71,522.00 for witness fees, $55,473.72 for costs, and $26,050.49 for "preparing the Arbitration Phase pleadings." The court's review of Anthropologie's description of those categories of work suggests that all (or nearly all) of it relates to the issues that were subject to and resolved by way of arbitration. The supplemental award, as modified by the court, is all that Anthropologie is entitled to recover for these efforts.

3. Finally, Anthropologie seeks recovery of $28,481.15 for "Arbitration fees, costs and expenses . . . which was not previously awarded." The court recognizes that the fees awarded to Anthropologie by the arbitration panel did not fully compensate Anthropologie. With respect, it appears to this court that such a result was precisely what Anthropologie bargained for in entering into the relevant lease provisions. Had

BEM – which successfully won an order compelling arbitration over Anthropologie's objections – prevailed before the panel, no doubt BEM would be left with some unreimbursed legal expenses, as well. The court is not prepared to rewrite the parties' agreement or otherwise ignore the American rule requiring each litigant to bear its own expenses, and expects that this amount also will not be recoverable.

## CONCLUSION

The parties are directed to proceed promptly with the procedures contemplated by Local Rule 54.3. BEM's motion for instructions (Doc. No. 129-1) is granted and Anthropologie will be entitled to recover additional fees only for litigation of issues in this court on which Anthropologie prevailed.

ENTER:

Dated: December 11, 2001

REBECCA R. PALLMEYER
United States District Judge